Cartter, C. J.,
delivered the opinion of the court, to the-effect following:
In this case the court have unanimously come to the conclusion that the sale should be set aside. The reason stated in the bill for setting aside the sale is, that it took place under a deed of trust, and that the property, which consisted of four lots of ground, was sold collectively when it should have-been sold in parcels. The sale of trust-property as a whole when it is capable of being divided, and when serious damage-has been occasioned by selling in that manner, furnishes just ground in a court of equity for relief. But this does not constitute the gross error of the sale in this case. At the time the deed of trust was executed, the buildings upon the premises, consisted of two brick warehouses and a dwelling-house.. The complainant placed in these structures at great expense-all the machinery necessary to a paper-mill, and procured from the Chesapeake and Ohio Canal Company a water-power,, which he conveyed under ground some three or four hundred feet to the mill-property, for the purpose of operating the machinery, and also incurred heavy expense for an underground tail-race to conduct the water away. He estimates that he has expended thirty thousand dollars on these objects. The property thus improved and consolidated was, according to the uncontradicted testimony, worth from $40,000 to $80,000. The great mischief done by the sale, as we think, was, not in selling the lots together, but in selling them without reference to the fixed machinery and water-power connected therewith. The result is that for $7,000 this valuable- *311 mill-property has been, destroyed. The machinery and waterpower of the mill have been rendered worthless. We are governed in our conclusion in setting aside this sale by the fact that both parties had a right to permanent improvements upon the premises, so far as the same were inalienably fixed thereto, and that there was no exclusive right of either to separate or divide them.
Under the prayer for general relief, we think the sale ought to be set aside, so that the property, without destroying any constituent part of it, may be brought into market and sold for what it is worth. We therefore set it aside, and leave both parties at liberty to apply to the special term to have their rights in the property correctly adjusted.